Phillip Geurts (SBN: 231320)
phil@mgcalaw.com
**GEURTS LAW FIRM APC**
18100 Von Karman Ave, Suite 850
Irvine CA 92612
Telephone: (949) 752-7447
Facsimile:  (949) 861-6155

Attorneys for Plaintiff,
GFORCE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DYNAFLEX INTERNATIONAL a California Corporation and GFORCE CORPORATION, a Nevada Corporation dba DFX<br><br>Plaintiff,<br><br>v.<br><br>YAHIGH, LLC a California Limited Liability Company and Does 1-20<br><br>Defendants, | CASE NO.:<br><br>**COMPLAINT FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE. FOR BREACH OF CONTRACT, UNFAIR COMPETITION, AND TRADEMARK INFRINGMENT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

DYNAFLEX INTERNATIONAL a California Corporation and GFORCE CORPORATION a Nevada Corporation dba DFX, alleges in this complaint as follows:

## INTRODUCTORY STATEMENT

1. GForce Corporation has merged with Dynaflex International (Jointly herein "DFX") which has been selling gyroscopic exercisers within the United States for over 10 years.

2. Dynaflex owns U.S. Trademark number 2666631. The trademark was registered on December 24, 2002.

3. The trademark owned by Dynaflex is for the word "Powerball" used in conjunction with handheld operated gyroscopic wrist exercisers Dynaflex

4. DFX was involved in a lawsuit, within this jurisdiction, entitled Nano-Second Technology Co. Ltd v. Dynaflex International, Case No. CV 10-9176 RSWL (MANx) which action was commenced on or about November 30, 2010.

5. Yahigh was also a party in the aforementioned lawsuit.

6. DFX and Yahigh reached a settlement agreement in the aforementioned lawsuit, where in it was agreed, among other things, that Yahigh would not use the trademark "Powerball".

7. Notwithstanding the settlement agreement, Yahigh has continued to use the registered trademark "Powerball" belonging to DFX.

## JURISDICTION

8. The court has jurisdiction over subject matter based on 28 U.S.C. sections 1338(a) and 1331.

9. This court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. SECTION 1367(a).

10. This court has personal jurisdiction over defendant as it has filed a complaint in this jurisdiction and the underlying settlement agreement was within this jurisdiction.

## FIRST CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

11. DFX repeats and realleges each and every allegation as set forth in paragraphs 1 through 11, above, as though fully set forth in this cause of action incorporates said paragraph by reference.

12. DFX has developed a customer base to sell gyroscopic wrist

exercisers through its hard work for over ten years.

13. DFX has sold product through the name it has built for itself and marketing using the name "Powerball" which is the name consumers recognize as the DFX gyroscopic wrist exercisers.

14. DFX has done online marketing for numerous years using the name "Powerball" and when a search on the internet is made with the term "Powerball" a consumer should find the gyroscopic product sold by DFX.

15. Yahigh has intended to, and has, benefited from using the name "Powerball" through various online marketing retailers including, but not limited to Amazon.

16. Yahigh has registered through Amazon the name "Powerball" so that when a consumer searches for "Powerball" Yahigh product will appear and improperly induce the consumer to purchase Yahigh's similar product using the trademark name "Powerball".

17. DFX has been damaged in an amount to be proven at the time of trial.

18. Yahigh's conduct was intentional, malicious, oppressive, and DFX seeks punitive damages based on such conduct.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

19. DFX repeats and realleges each and every allegation as set forth in paragraphs 1 through 18, above, as though fully set forth in this cause of action and incorporates said paragraphs by reference.

20. DFX and Yahigh entered into a settlement agreement wherein it was agreed that Yahigh would not use the trademark name "Powerball".

21. Pursuant to the contract, DFX is recognized as the registered owner of the trademark number 2,666,631 which is the term "Powerball" and all rights and use is intended solely for DFX.

3
COMPLAINT

22. DFX has performed all of the conditions and requirements of it under the settlement agreement.

23. Yahigh has breached the settlement agreement by virtue of registering and using the name "Powerball" and selling gyroscopic wrist exercisers under the false pretense that Yahigh was the owner of the name "Powerball".

24. DFX has been harmed by Yahigh's conduct which has caused many sales being diverted from DFX to Yahigh.

25. DFX has been damaged in an amount to be proven at the time of trial.

## THIRD CAUSE OF ACTION FOR
## UNFAIR COMPETITION

26. DFX repeats and realleges each and every allegation as set forth in paragraphs 1 through 25, above, as though fully set forth in this cause of action and incorporates said paragraphs by reference.

27. Yahigh has engaged in unfair and unlawful business practices.

28. Yahigh's conduct in falsely representing itself as the owner of the trademark "Powerball" and selling product in the name of "Powerball" is a misrepresentation meant to mislead the public.

29. DFX has been damaged by Yahigh's conduct in an amount to be proven at the time of trial.

30. Yahigh's conduct constitutes fraudulent, unlawful and unfair competition as defined by California Business and Profession Code section 17200, et seq.

31. DFX's injuries are continuing and unless preliminary and permanently enjoined by this court, it will continue to suffer damages.

## FOURTH CAUSE OF ACTION FOR
## TRADEMARK INFRINGMENT

32. DFX repeats and realleges each and every allegation as set forth in

paragraphs 1 through 31, above, as though fully set forth in this cause of action and incorporates said paragraphs by reference.

33. DFX owns U.S. Trademark number 2666631. The trademark was registered on December 24, 2002.

34. The trademark owned by DFX is for the word "Powerball" used in conjunction with handheld operated gyroscopic wrist exercisers.

35. Yahigh has been selling product using the Powerball name. Yahigh's products are gyroscopic wrist exercisers.

36. By selling such products using the name Powerball, customer confusion exists.

37. Customers believe that the Powerball owned by Yahigh is a DFX Powerball which is not.

38. Such use of the Powerball name infringes on DFX's trademark and is trademark infringement under 15 U.S.C. Section 1114, et seq.

**WHEREFORE,** DFX respectfully requests the following judgment:

1. That DFX recover its actual damages and lost profits;

2. That DFX recover exemplary damages in a sum sufficient to punish or make the example of Yahigh and to prevent it from further civil wrongdoings;

3. Treble damages, costs and attorneys' fees;

4. Injunctive relief preventing Yahigh from future misrepresentations regarding the tradename "Powerball";

5. Order enjoining and restraining Yahigh from selling products which violates any of DFX's trademarks; and

6. For such other and further and relief as the court may deem just and proper.

5
COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38-1, DFX demands a trial by jury on all issues as of right by a jury.

DATED: October 31, 2014.

Respectfully submitted,

GEURTS LAW FIRM, APC

By: *[signature]*
PHILLIP GEURTS (SBN:231320)
Attorney for Plaintiff, DFX.